IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cathi Kandle | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:16-cv-00135 |
| | : | |
| Main Line HealthCare | : | |
| | : | |
| Defendant. | : | |

**ANSWER**

Defendant, Main Line HealthCare ("defendant" or "Main Line"), by and through its undersigned counsel, answers the correspondingly numbered allegations of the Complaint filed by plaintiff, Cathi Kandle ("plaintiff" or "Kandle") as follows:

INTRODUCTION

1. It is admitted only that plaintiff's Complaint alleges violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). The remaining allegations of paragraph 1 are denied. By way of further response, it is denied that Main Line violated the ADEA, ADA or PHRA, and it is further denied that plaintiff suffered any damages as a result of any conduct of Main Line.

JURISDICTION

2. Admitted.

3. The allegations of paragraph 3 state conclusions of law to which no response is required.

#38338357 v2

4. The allegations of paragraph 4 state conclusions of law to which no response is required. To the extent that they are deemed factual, it is admitted only that plaintiff purports to seek relief for her ADEA and ADA claims. It is denied that plaintiff is entitled to any relief, including the relief sought.

5. The allegations of paragraph 5 state conclusions of law to which no response is required.

## VENUE

6. The allegations of paragraph 6 state conclusions of law to which no response is required.

## NATURE OF THE PROCEEDINGS

7. It is admitted only that plaintiff is seeking damages. It is denied that plaintiff's termination was unlawful and that plaintiff is entitled to any damages.

8. It is admitted only that plaintiff seeks redress. It is denied that plaintiff is entitled to any relief, including the relief sought. It is further denied that plaintiff suffered losses and that she was subject to employment discrimination on the account of age, disability or perceived disability.

## PARTIES

9. Denied as stated. It is admitted that Main Line is a Pennsylvania non-profit corporation based at 2 Industrial Boulevard, Suite 400, Paoli, PA, and that it has additional places of business at the referenced hospitals.

10. Denied. By way of further answer, Main Line hired plaintiff on January 1, 2010, and plaintiff's employment was terminated on March 27, 2014.

11. It is admitted only that plaintiff is an adult. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 11, and accordingly denies those allegations.

12. Admitted, based upon information and belief.

## FACTUAL BACKGROUND

13. Denied. By way of further response, prior to January 1, 2010, plaintiff was employed by Cardiovascular Associates of PA, a private medical practice with offices at a medical office building on the campus of Lankenau Medical Center.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. It is admitted only that defendant employed plaintiff as a surgery scheduler from January 1, 2010 through March 27, 2014 and that during this time, plaintiff received some positive performance evaluations. The remaining allegations reference performance evaluations which are written documents that speak for themselves, and any characterization of the written documents are denied.

20. The allegations of paragraph 20 reference a performance evaluation which is a written document that speaks for itself, to which no response is required.

21. The allegations of paragraph 21 reference a performance evaluation which is a written document that speaks for itself, to which no response is required.

22. The allegations of paragraph 22 reference a performance evaluation which is a written document that speaks for itself, and any characterization of the written document is denied.

23. The allegations of paragraph 23 reference a performance evaluation which is a written document that speaks for itself, and any characterization of the written document is denied.

24. The allegations of paragraph 24 references a performance evaluation which is a written documents that speaks for itself, and any characterization of the written document is denied. The remaining allegations are admitted.

25. The allegations of paragraph 25 references a performance evaluation which is a written document that speaks for itself, and any characterization of the written document is denied.

26. Denied.

27. Denied as stated. Plaintiff applied for and received the position of surgery scheduler in the Access Center, a position that involved answering calls from patients of approximately 28 cardiologists and cardiac surgeons.

28. Denied.

29. Admitted in part, denied in part. It is admitted only that plaintiff had not worked for some of cardiologists and cardiac surgeons in the past. The remaining allegations are denied.

30. Admitted.

31. Denied, except that it is admitted that plaintiff's job in the Access Center did not involve scheduling surgeries.

32. Denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to plaintiff's entire career. With respect to her employment by Main Line, the allegations are denied.

34. Admitted in part, denied in part. It is admitted that some physicians expressed frustration about the centralization of calls to their practices. The remaining allegations are denied.

35. Admitted in part, denied in part. It is admitted that some physicians complained about the new structure of the department. The remaining allegations are denied.

36. It is admitted only that some patients asked to be connected directly to their doctor's offices rather than speaking with an employee at the Access Center.

37. Denied.

38. Denied.

39. Admitted in part, denied in part. It is admitted that defendant advised plaintiff and other employees to state that they were working for all physicians, but were in a different location, which was a truthful statement. It is denied that this occurred after enduring months of patient complaints.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and accordingly denies the allegations.

41. Denied as stated. It is admitted only that plaintiff applied for and received a position in the Access Center called surgery scheduler, which did not include the task of scheduling surgical procedures.

42. Denied.

43. Admitted.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied as stated. By way of further answer, the room where plaintiff worked did not have ideal ventilation. Defendant is without knowledge or information sufficient

to form a belief as to whether plaintiff and other employees experienced health issues related to the air ventilation.

49. It is admitted that plaintiff complained about the ventilation in the room. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, and accordingly deny those allegations.

50. Denied, except that it is admitted only that defendant engaged an outside consultant named Irene. She was not engaged to address the ventilation issues raised by plaintiff and others.

51. Denied.

52. Denied.

53. Admitted in part, denied in part. It is admitted only that plaintiff complained to Ms. Ellis about Irene. The remaining allegations of paragraph 53 are denied.

54. Denied as stated. It is admitted only that when plaintiff criticized Irene, Ms. Ellis did not view that complaint as credible. Further, plaintiff did not report to Ms. Ellis that Irene had told her that she suffered from COPD.

55. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 55, and accordingly deny those allegations.

56. Denied.

57. It is admitted only that defendant terminated plaintiff's employment. The remaining allegations are denied.

58. Denied. Plaintiff's employment was terminated on March 27, 2014.

59. Denied.

60. Defendant does not understand what plaintiff means by "form of transmission" and accordingly denies the allegations of paragraph 60.

61. Defendant does not understand what plaintiff means by "form of transmission" and accordingly denies the allegations of paragraph 61. It is further denied that Ms. Ellis singled Ms. Kandle out for criticism.

62. Denied as stated. It is denied that Ms. Kandle told Ms. Ellis that she felt singled out for criticism, and it is further denied that Ms. Ellis made the alleged statement in response. It is admitted only that on one occasion in which plaintiff engaged in conduct about which Ms. Ellis had spoken to her previously, Ms. Ellis informed plaintiff that if she kept it up she would be terminated.

63. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 63, and accordingly denies those allegations.

64. Denied.

65. Denied as stated. It is admitted only that Ms. Kandle's position was filled by a 36-year old employee.

66. It is denied that the reasons provided by defendant for plaintiff's termination of employment were false and pretextual. Defendant is without information or

#38338357 v2

knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 66, and accordingly denies those allegations.

67. Denied.

68. Denied.

69. To the extent that the allegations of paragraph 69 state conclusions of law, no response is required. It is admitted only that plaintiff filed a Charge of Discrimination with the EEOC against the defendant. The Charge of Discrimination is a writing that speaks for itself, and any characterization of that written document is denied.

70. The Charge of Discrimination is a writing that speaks for itself, and any characterization of that written document is denied.

71. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 71.

72. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 72.

73. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 73.

74. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 74.

75. The Right to Sue Notice is a writing that speaks for itself, accordingly, no response is required.

76. The allegations of paragraph 76 state conclusions of law to which no response is required.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

77. Defendant incorporates its responses to paragraphs 1 through 76 as if stated fully herein.

78. Denied.

79. Admitted.

80. Admitted.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

87. Defendant incorporates its responses to paragraphs 1 through 86 as if set forth fully herein.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT III
## AGE DISCRIMINATION UNDER THE PHRA

93. Defendant incorporates its responses to paragraphs 1 through 92 as if set forth fully herein.

94. Denied.

95. Denied.

## COUNT IV
## DISABILITY DISCRIMINATION UNDER THE PHRA

96. Defendant incorporates its responses to paragraphs 1 through 95 as if set forth fully herein.

97. Denied.

98. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief sought.

### THIRD AFFIRMATIVE DEFENSE

Defendant's decision to terminate plaintiff's employment was made for legitimate, non-discriminatory reasons unrelated to age, disability or perceived disability.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not perceive plaintiff as suffering from a disability.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's decision to terminate plaintiff's employment was not a pretext for discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's age was not the "but for" reason for her termination of employment.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant was not aware until receiving plaintiff's EEOC charge that plaintiff allegedly suffered from a disability.

Dated: March 21, 2016

Respectfully submitted,

*/s/ Kali T. Wellington-James*
Susan K. Lessack
Kali T. Wellington-James
PEPPER HAMILTON LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183
610.640.7800

*Counsel for Defendant, Main Line HealthCare*

#38338357 v2

# CERTIFICATE OF SERVICE

    I, Kali T. Wellington-James, hereby certify that on March 21, 2016 a true and correct copy of the foregoing Answer was served via the court's electronic filing system upon the following:

>Garen Meguerian
>Garen Meguerian, Attorney at Law, LLC
>21 Industrial Boulevard, Suite201
>Paoli, PA 19301

              */s/ Kali T. Wellington-James*
              KALI T. WELLINGTON-JAMES